**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD**

**THOMAS SHRADER,**

**Petitioner,**

**v.** **Case No. 1:14-cv-25344**

**STATE OF WEST VIRGINIA and**
**AUDREY GILL, Warden, FCI Mendota, CA,**

**Respondents.**

## PROPOSED FINDINGS AND RECOMMENDATION

On September 2, 2014, the Clerk's Office received a Petition for a Writ of Habeas Corpus purported to be filed under 28 U.S.C. §§ 1651 and 2241 (ECF No. 2), and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1)[1], filed by Thomas Shrader (hereinafter "the petitioner"). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

On January 20, 1976, the petitioner pled guilty in the Circuit Court of McDowell County, West Virginia, to two counts of murder in the first degree and one count of unlawful wounding. *State v. Shrader*, Nos. 75-8-3, 75-84, and 75-8-19. *Shrader v. State*

---

[1] By separate Order, the undersigned has granted the petitioner's Application to Proceed Without Prepayment of Fees and Costs.

*of West Virginia*, No. 12-0982, 2013 WL 2149846 (May 17, 2013). The Circuit Court imposed two concurrent life sentences, with mercy, on the murder counts, and a concurrent twelve-month sentence on the unlawful wounding count.[2] The petitioner was also subsequently convicted of escape and sentenced to an additional consecutive one-year term of imprisonment.

The petitioner subsequently filed a petition for a writ of habeas corpus in the state court and was provided with a hearing, with representation by counsel, in June of 1976. His habeas corpus petition was thereafter denied. The petitioner was provided another omnibus habeas corpus hearing in 1984, but relief was also denied thereafter. The petitioner was released on parole on December 23, 1993 and was discharged from parole in 1999.[3]

On June 8, 2010, the petitioner was charged in this federal court in a three-count second superseding indictment with two counts of stalking, in violation of 18 U.S.C. § 2261A(2), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Shrader*, No. 1:09-cr-00270, ECF No. 123. The stalking charges were severed and tried separately from the felon in possession charge. Ultimately, the petitioner was found guilty of all three charges.

---

[2] From the limited documentation immediately available to the court (either through this court's Case Management and Electronic Case Filing (CM/ECF) system or Westlaw) concerning the petitioner's prior post-conviction filings, there is no indication that the petitioner filed a direct appeal to the Supreme Court of Appeals of West Virginia (the "SCAWV") following his 1976 convictions.

[3] A review of this Court's CM/ECF system indicates that the petitioner has filed at least five other habeas corpus petitions in this court under 28 U.S.C. § 2254 concerning his West Virginia convictions, which he again challenges herein. (*See* Case Nos. 1:78-cv-01061, 1:78-cv-01165, 1:81-cv-01145, 1:88-cv-00948 and 1:93-cv-01239). Additionally, in Case No. 1:93-cv-01239, the presiding District Judge's Memorandum Opinion and Order (ECF No. 20) indicates that the petitioner had, at that time, filed at least 40 different habeas corpus proceedings concerning his state convictions.

On November 18, 2010, the petitioner was sentenced to 235 months of imprisonment, followed by a five-year term of supervised release. Based upon his three prior 1976 West Virginia convictions, the petitioner was found to be an armed career criminal under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(1) and (2), which exposed him to a mandatory minimum 15-year sentence, rather than a 10-year maximum sentence on the felon in possession count.[4] The petitioner is presently in the custody of the Federal Bureau of Prisons at FCI Mendota, in Mendota, California. His projected release date is December 4, 2026.

In the instant petition, the petitioner seeks habeas corpus relief, ostensibly under 28 U.S.C. §§ 1651 and 2241, to invalidate his three West Virginia convictions that served as the ACCA predicate offenses. The petition indicates that the petitioner sought additional habeas corpus relief in the state courts following his federal conviction. Specifically, the petitioner states that, on October 11, 2011, he filed a petition for a writ of habeas corpus in the Circuit Court of McDowell County "to get his 1976 convictions on indictment numbers 75-8-3, 75-8-4 and 75-8-19 vacated and dismissed due to the fact that the State of West Virginia has in fact breeched [sic; breached], broken and violated the plea agreement and had originally obtained said plea agreement/contract under FALSE MISREPRESENTATION and FRAUD thereby nullifying said contract as being based upon untruths and false misrepresentation." (ECF No. 2 at 2).

The instant petition indicates that the Circuit Court of McDowell County denied that habeas corpus petition on May 11, 2012. The petitioner then appealed the denial of

---

[4] The petitioner has a separate action pending in this court challenging his ACCA enhancement under 28 U.S.C. § 2255 in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Shrader v. United States*, No. 1:16-cv-05559. The petitioner has also previously filed at least one other section 2255 motion challenging his federal conviction and sentence, which was unsuccessful. *See Shrader v. United States*, No. 1:13-cv-33098.

that petition to the SCAWV on August 23, 2012. However, the SCAWV denied the petition for appeal in a Memorandum Decision entered on May 17, 2013, *see Shrader v. State of W. Va.*, No. 12-0982, 2013 WL 2149846 (May 17, 2013), and further denied a petition for rehearing on August 27, 2013. (ECF No. 2 at 2-3).

The instant petition further states:

> Shrader has exhausted his State of West Virginia review and now brings this matter before the Federal Court due to his (Organic) Constitutional Rights under the United States of America Constitution being violated.
>
> The West Virginia Supreme Court of Appeals confirmed the denial by McDowell County Circuit Court of Shrader's petition, whereas it was the County Court's position since Shrader had served his time, been paroled and discharged from parole for the crimes he committed against the State of West Virginia, that he was no longer in the State of West Virginia's custody but a Federal prisoner in the State of California, making said petition moot, and that all issues had been adjudicated or waived and no longer did the State of West Virginia have custody of Shrader.
>
> The West Virginia State Supreme Court of Appeals also concluded that the McDowell County Circuit Court did not err in applying res judicata to said petition.

(*Id.* at 3). The instant petition contends that these findings by the state courts violated his rights under the Fifth, Sixth and Fourteenth Amendments. Additionally, the petition sets forth three specific grounds for relief as follows:

> 1. Under the Federal Supremacy Clause, Federal case law(s) support the fact that Shrader is "in custody" for the purpose of collateral proceedings because of his 1976 West Virginia convictions due to the enhancement of his Federal Sentence based upon said West Virginia 1976 convictions.
>
> 2. Shrader's Plea Agreement/Contract was based upon misrepresentation and fraud perpetrated upon Shrader by the McDowell County Circuit Court, the West Virginia State prosecutor, and by Shrader's own Defense Attorneys (Mr. Kantor and Mr. Perkins).

> 3. Defense Counsel for Shrader failed to protect Shrader's (Organic) Constitutional Rights, Bearing: 4th, 5th and 6th Amendment Rights under the United States Constitution of America in his Bill of Rights and also misrepresented the real facts and truth to Shrader.

(*Id*. at 3-13).

Because it is apparent from the face of the petition and the record before the court that the petitioner is not entitled to any collateral relief in this court, the undersigned has not ordered a response to the petition.

**ANALYSIS**

The petitioner has filed the instant petition under 28 U.S.C. § 1651 (the All Writs Act) and 28 U.S.C. § 2241, which is the general statute governing habeas corpus relief by a federal court for prisoners in federal or state custody who claim they are in custody in violation of the Constitution or laws of the United States. However, section 2241 is generally used to attack the execution of a sentence, and not the validity of the conviction or sentence itself.

Instead, a prisoner challenging the validity of a previously imposed state conviction or sentence, such as those challenged by the petitioner herein, generally must do so under 28 U.S.C. § 2254, which has certain procedural requirements, including a statute of limitations, and a bar against the filing of second or successive petitions concerning the same conviction or sentence. Moreover:

> [A] state prisoner cannot evade the procedural requirements of § 2254 by filing something purportedly to be a § 2241 petition. If the terms of § 2254 apply to a state habeas petitioner – *i.e.*, if he is "in custody pursuant to the judgment of a State court" – then we must apply its requirements to him.

*Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004).

As further addressed herein, however, there are numerous reasons why this federal court is barred from reviewing the merits of this petition under any of the federal statutory authority governing habeas corpus relief.

**A. Petitioner is not "in custody" for the purpose of challenging the validity of his 1976 West Virginia convictions.**

The petitioner asserts that the state courts incorrectly determined that the circuit court lacked jurisdiction to review his challenges to his 1976 West Virginia convictions because he is no longer in custody on those charges. Relying on the Supreme Court's decisions in *Peyton v.* Rowe, 391 U.S. 54 (1968), and *Maleng v. Cook*, 490 U.S. 488 (1989), the petitioner further asserts that, because his current federal sentence was enhanced based on his three previous West Virginia convictions, he should be considered to be in custody for the purpose of challenging the underlying West Virginia convictions. However, the petitioner's reliance on this case law is misplaced.

In *Peyton*, the Supreme Court revisited its prior holding that a habeas petitioner could not challenge a sentence that he was not yet serving, and determined that a petitioner may seek habeas corpus relief on a future sentence. That is not the situation here.

*Maleng* is more pertinent to the instant case, but is of no further aid to the petitioner. In *Maleng*, the Court reviewed whether a federal prisoner was "in custody" for the purpose of challenging a prior 1958 state conviction, the sentence for which had already been discharged, on the basis that it had been illegally used to enhance another sentence imposed in 1978 that the prisoner had not yet begun to serve. 490 U.S. at 489-490.

The *Maleng* Court held that the prisoner "is not presently 'in custody' under the 1958 sentence, but that he is 'in custody' under the 1978 sentences which he has not yet begun to serve." *Id.* at 490. However, the Court further held:

> We have interpreted the statutory language [of both 28 U.S.C. §§ 2241(c)(3) and 2254(a)] as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. See *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 1560, 20 L. Ed.2d 554 (1968). In this case, the Court of Appeals held that a habeas petitioner may be "in custody" under a conviction whose sentence had fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language "in custody" too far. * * * We have never held, however, that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.

490 U.S. at 490-91 [Emphasis added]; *see also Wilson v. Flaherty*, 689 F.3d 332, 336-338 (4th Cir. 2012) (noting that the Supreme Court has never held that a defendant whose sentence has fully expired may still be "in custody" to challenge such conviction or sentence).

Consequently, the petitioner's assertion that he is in custody for the purpose of challenging his 1976 West Virginia convictions, which fully expired in 1999, lacks merit. The petitioner is in custody for the purpose of challenging his present federal sentence, and he has a motion challenging his ACCA enhancement pending before this court in a separate proceeding. However, in light of *Maleng*, the undersigned proposes that the presiding District Judge **FIND** that the petitioner is not in custody for the purpose of challenging his 1976 West Virginia convictions under either § 2241 or § 2254 and, therefore, this court lacks jurisdiction to consider his claim thereunder.

**B. This petition must be treated as a petition for a writ of error *coram nobis* over which this federal court lacks jurisdiction.**

As further noted in the *Wilson, supra*, individuals seeking relief concerning fundamental errors related to their prior conviction who are no longer in custody are not necessarily without remedy, as they may be able to pursue relief through a petition for a writ of error *coram nobis* in state court, if the state court recognizes such a remedy. 689 F.3d at 339.[5] To the extent that such relief is still available, a federal court's jurisdiction to grant a writ of error *coram nobis* on a federal conviction would be governed by the All Writs Act, 28 U.S.C. § 1651(a). However, a federal court cannot grant *coram nobis* relief on a state court conviction. *See, e.g.*, *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964); *In re Shelton*, 1 Fed. App'x 149 (4th Cir. 2000) (per curiam) (unpublished); *Campbell v. DeWalt*, 2010 WL 2901874 at *2 (S.D. W. Va. July 21, 2010) (federal district courts lack jurisdiction to issue writs of error *coram nobis* to set aside judgments of state courts). Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that this federal court also lacks jurisdiction to consider the petitioner's petition as one for *coram nobis* relief.

**C. Alternatively, if the petitioner can be considered to be "in custody" to challenge his West Virginia convictions, the instant petition is time-barred.**

As noted above, even if it is determined that the petitioner is "in custody" for the purpose of the challenges made in his petition, the instant petition is subject to the procedural requirements of 28 U.S.C. § 2254. On April 24, 1996, a one-year limitation for

---

[5] In fact, the Memorandum Decision of the SCAWV indicates that the petitioner's most recent state habeas corpus petition was alternatively treated as a petition for a writ of error *coram nobis*, and denied thereon. 2013 WL 2149860 at *2.

filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The petitioner's 1976 West Virginia convictions became final prior to the enactment of the AEDPA. The United States Court of Appeals for the Fourth Circuit has held that, "in the case of a habeas challenge to a state conviction that became final prior to the enactment of the AEDPA, a habeas petitioner is entitled to a one-year grace period from the effective date of the Act, April 24, 1996, in which to file a federal habeas petition." *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001) (citing *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1988)). Thus, absent one of the factors allowing application of

subsections 2244(d)(1)(B), (C) or (D), the petitioner had until April 24, 1997, to file a timely petition concerning his 1976 convictions.

There is no indication that the petitioner had a properly filed habeas corpus petition pending in the state courts between April 24, 1997 and October 11, 2011, when he filed the underlying state habeas corpus petition that led to the decisions he now challenges and the petitioner has not asserted any facts to support a finding that any of the other tolling provisions would be applicable to his case.

The Conclusion section of the petitioner's petition suggests that he was not aware of the alleged breach of his plea agreement until after he was discharged from parole in 1999. (ECF No. 2 at 11). To the extent that the petitioner may be attempting to apply the statute of limitations under 28 U.S.C. § 2244(d)(1)(D) based upon this assertion, he still took no steps to assert his present challenge concerning his plea agreement until 2011. Therefore, more than a year passed from the date on which any factual predicate for his claims was allegedly discovered. Accordingly, his assertion does not render the instant petition timely.

The Conclusion section of the petition also summarily mentions the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (*Id.* at 11). However, *Alleyne* has not been made retroactively applicable to cases on collateral review by the Supreme Court. Thus, it has no effect on the running of the statute of limitations in the instant case.

Finally, the Conclusion section of the petition also asserts that the petitioner is "actually and factually innocent" of first degree murder because the petitioner's indictment did not include the word "premeditated" in the murder counts and, thus, his convictions were a miscarriage of justice. (*Id.* at 12). In *McQuiggan v. Perkins*, 133 S. Ct.

1924 (2013), the Supreme Court held that reliable, newly-discovered evidence of actual innocence could overcome the AEDPA statute of limitations. However, in the instant case, the petitioner merely claims that his indictment was legally deficient.

Moreover, as clearly established in *State v. Miller*, 476 S.E. 2d 535, 547 (W. Va. 1996), the words "deliberate" and "premeditated" are synonymous terms. Thus, a indictment, such as the petitioners, that alleges that the defendant acted deliberately is not defective. Therefore, the petitioner's claim that he was improperly convicted of first degree murder based upon the wording in his indictment is insufficient to demonstrate actual or factual innocence and was not a miscarriage of justice. Additionally, such allegations have no effect on the running of the statute of limitations in this matter.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, even assuming that the petitioner can demonstrate that he is presently "in custody" for the purpose of challenging his 1976 West Virginia convictions, the instant petition is untimely under 28 U.S.C. § 2244(d).

### B. The instant petition is a second or successive petition and an abuse of the writ of habeas corpus.

28 U.S.C. § 2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Additionally,

> [a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless – (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Moreover, before a petitioner may file a second or successive section 2254 petition in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

The records of this court, of which the presiding District Judge may take judicial notice, clearly demonstrate that the petitioner has filed at least four prior petitions for habeas corpus relief that have been addressed under 28 U.S.C. § 2254. AEDPA fails to define what constitutes a "second or successive" application.

However, it is generally acknowledged that the interpretation of "second or successive" involves the application of pre-AEDPA abuse-of-the-writ principles. *Stewart v. Martinez–Villareal*, 523 U.S. 637, 643–45 (1998) (looking to pre-AEDPA law to determine that 2244(b) did not bar petitioner's request to reopen habeas claim raised in prior petition but dismissed by district court as premature); *Muniz v. United States,* 236 F.3d 122, 127 (2d Cir. 2001) ("We therefore answer the question of whether a petition is 'second or successive' with reference to the equitable principles underlying the 'abuse of the writ' doctrine."); *United States v. Barrett*, 178 F.3d 34, 44 (1st Cir. 1999) ("The core of AEDPA restrictions on second or successive § 2255 petitions is related to the longstanding judicial and statutory restrictions embodied in the form of res judicata known as the 'abuse of the writ' doctrine."); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) ("[A] later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ."); *Reeves v. Little*, 120 F.3d 1136, 1139–40 (10th Cir. 1997) (applying pre-AEDPA abuse-of-writ standard to determine whether

subsequent 28 U.S.C. § 2254 petition was "second or successive" under AEDPA); *Pratt v. United States*, 129 F.3d 54, 59–60 (1st Cir. 1997) (habeas motion ruled "second or successive" where petitioner's claims of ineffective assistance at trial could and should have been raised in prior petition and thus constituted abuse of writ under pre-AEDPA law).

In the instant proceeding, the substantive issues presented in Grounds Two and Three of the petition concerning the validity of the petitioner's plea agreement and ineffective assistance of counsel could have, and should have, been raised in his prior habeas corpus petitions. Additionally, there is nothing in the record to indicate that the petitioner has sought and obtained authorization from the United States Court of Appeals for the Fourth Circuit to file the instant petition, or that he could meet the criteria for obtaining such authorization. Consequently, the undersigned proposes that the presiding District Judge **FIND** that the instant petition is barred from review as an unauthorized second or successive petition for habeas corpus relief under 28 U.S.C. § 2254 and an abuse of the writ of habeas corpus.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus (ECF No. 2).

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the

date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

August 23, 2017

Dwane L. Tinsley
United States Magistrate Judge