# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**THOMAS SHRADER,**

    **Plaintiff,**

**v.**                                             **CIVIL ACTION NO. 1:14-25344**

**STATE OF WEST VIRGINIA, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendation. Magistrate Judge Tinsley submitted his proposed findings and recommendation on August 23, 2017. In that Proposed Findings and Recommendation ("PF&R"), Magistrate Judge Tinsley recommended that the district court dismiss plaintiff's petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a plaintiff

"makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Shrader timely filed objections to the PF&R. (ECF No. 10). On November 13, 2018, he also filed a "Motion to Grant Writ of Habeas Corpus" which is a supplement to his earlier-filed objections. (ECF No. 11). With respect to those objections, the court has conducted a de novo review.

On June 8, 2010, a federal grand jury within the Southern District of West Virginia returned a three-count second superseding indictment against Shrader. Counts One and Two charged Shrader with using a facility of interstate commerce to cause the delivery of a threatening communication, in violation of 18 U.S.C. § 2261A(2), while Count Three charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). After jury trials occurring in July and August of 2010,[1] Shrader was convicted on all counts. United States v. Thomas Creighton Shrader, Criminal Action No. 1:09-00270. On November 18, 2010, Shrader was sentenced to imprisonment for a term of 235 months, followed by a five-year term of supervised release. Based upon three prior 1976 West Virginia convictions, Shrader was sentenced under the Armed Career Criminal Act (the

---

[1] Counts One and Two were tried separately from Count Three.

"ACCA") which increased his sentencing exposure on the felon in possession count from a ten-year maximum sentence to a mandatory minimum 15-year sentence.

As Magistrate Judge Tinsley noted in his PF&R, in the instant case, Shrader is attacking the validity of the 1976 convictions in West Virginia state court that were used to enhance the federal sentence he is currently serving. Magistrate Judge Tinsley concluded that Shrader could not do so for the following reasons:

(1) Shrader was not "in custody" for the purpose of challenging the validity of his 1976 West Virginia convictions;

(2) Shrader's petition must be treated as a petition for a writ of error coram nobis over which the court lacks jurisdiction;

(3) Shrader's petition is time-barred; and

(4) Shrader's petition is a second or successive petition and an abuse of the writ of habeas corpus.

See PF&R at pp. 6-13 (ECF No. 9).

A. *Shrader is not "in custody"*

Shrader's first objection is to the PF&R's conclusion that he was not in custody for purposes of challenging his 1976 convictions. According to him, "Shrader is not a State prisoner who could have filed a § 2254. Shrader's action is State action due to prior State convictions having a very adverse effect upon Shrader's Federal Sentence under the Armed Career Criminal Act, (ACCA)." ECF No. 10 at p.2.

3

A review of the record confirms Magistrate Judge Tinsley's conclusion that Shrader is seeking to attack the validity of his 1976 convictions in this federal proceeding. This he is not permitted to do. As the Supreme Court has held:

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "<u>in custody</u> in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); <u>see also</u> 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. <u>See</u> <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238, 88 S. Ct. 1556, 1560, 20 L. Ed. 2d 554 (1968). In this case, the Court of Appeals held that a habeas petitioner may be "in custody" under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language "in custody" too far.
>
> * * *
>
> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not.

<u>Maleng v. Cook</u>, 490 U.S. 488, 490-92 (1989).

Shrader objects that <u>Maleng</u> does not bar him from seeking habeas relief in this court. <u>See</u> ECF No. 10 at pp. 4-7. Quoting an unpublished case from the United States Court of Appeals for the Fourth Circuit, Shrader contends that "in <u>Maleng</u> the Supreme

4

Court of the United States left open, `the question of the extent to which an earlier expired conviction may be subject to challenge in a collateral attack upon a later unexpired sentence which the earlier conviction was used to enhance.'" ECF No. 11 at p.1 (quoting United States v. Martin, 946 F.2d 888, 1991 WL 195729, *1 (4th Cir. Oct. 3, 1991)). According to the Martin court, "the magistrate judge's conclusion that subject matter jurisdiction was foreclosed by the decision in Maleng is incorrect. The instant fact pattern–a collateral attack upon a current conviction which calls into question the validity of an underlying, expired sentence–presents precisely the question left open in Maleng. Those circuits which have addressed the question since Maleng have unanimously concluded that federal courts possess jurisdiction to review this type of claim." Martin, 1991 WL 195729, at *2.

After Martin was decided, however, the Supreme Court did answer the question left open by Maleng and did not decide it in Shrader's favor. As one court explained the development of the law in this area:

> Under 28 U.S.C. § 2254(a), an application for a writ of habeas corpus may only be entertained on behalf of a person "in custody" pursuant to judgment of a State court; see also 28 U.S.C. 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."). In Maleng v. Cook, 490 U.S. 488, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam), the Supreme Court construed this "statutory language as

5

requiring that the habeas petitioner be `in custody' under the conviction or sentence under attack at the time his petition is filed." Id. at 490-91. At the time he filed his application for habeas corpus relief, Petitioner was serving the sentence on his new felony offense. The sentence on Petitioner's 1993 conviction for breaking and entering has been fully served; therefore, Petitioner is no longer "in custody" pursuant to that conviction.

In deciding Maleng, the Supreme Court expressly declined to decide whether a habeas petitioner may challenge the constitutionality of a state conviction whose sentence has expired by facially attacking a current sentence that was enhanced by the prior state conviction. Id. at 494. In other words, the Court did not address whether Petitioner may attack his current conviction on the ground that it was enhanced by a prior, allegedly unconstitutional, state conviction. Many federal circuits have answered this question left open by the Supreme Court in the affirmative. See Smith v. Farley, 25 F.3d 1363, 1365-66 (7th Cir. 1994); Collins v. Hesse, 957 F.2d 746, 748 (10th Cir. 1992); Allen v. Collins, 924 F.2d 88, 89 (5th Cir. 1991). In a recent decision, the Sixth Circuit recognized that these circuit court decisions were effectively overruled by the Supreme Court's decision in Daniels v. United States, 532 U.S. 374, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001) and Lackawanna County District Attorney v. Coss, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001) . . . . See Steverson v. Summers, No. 99-5694, 2001 WL 830452, slip op at 5-6 (6th Cir. July 25, 2001) (to be reported as 258 F.3d 520).

The Supreme Court decisions in Daniels and Coss bar a prisoner from challenging a prior, expired conviction, by bringing a federal habeas action attacking a current sentence that was enhanced by a prior conviction:

> More important for our purposes here is the question we explicitly left unanswered in Maleng: "the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance." 490 U.S. at 494, 109 S. Ct. 1923, 104 L. Ed. 2d 540. We encountered this same question in the § 2255 context in Daniels v. United

6

> States, 532 U.S. at ----, 121 S. Ct. 1578, 149 L. Ed. 2d 590. We held there that "[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction through a motion under § 2255." Id., at ----, 532 U.S. 374, 121 S. Ct. 1578, 1583, 149 L. Ed. 2d 590. We now extend this holding to cover § 2254 petitions directed at enhanced state sentences.
>
> Coss, 121 S. Ct. at 1573.

Garrison v. Wolfe, No. 1:01-cv-531, 2007 WL 851881, *1-2 (W.D. Mich. Mar. 20, 2007). These cases make clear that Shrader cannot bring a federal habeas petition to collaterally attack his long-expired 1976 state court convictions.

Of particular concern to the Court was the need for finality:

> We grounded our holding in Daniels on considerations relating to the need for finality of convictions and ease of administration. Those concerns are equally present in the § 2254 context. The first and most compelling interest is in the finality of convictions. Once a judgment of conviction is entered in state court, it is subject to review in multiple forums. . . .
>
> * * *
>
> A defendant may choose not to seek review of his conviction within the prescribed time. Or he may seek review and not prevail, either because he did not comply with procedural rules or because he failed to prove a constitutional violation. In each of these situations, the defendant's conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of the

7

> judgment. . . . Other jurisdictions acquire an
> interest as well, as they may then use that conviction
> for their own recidivist sentencing purposes, relying
> on "the `presumption of regularity' that attaches to
> final judgments." Parke v. Raley, 506 U.S. 20, 29, 113
> S. Ct. 517, 121 L. Ed. 2d 391 (1992). . . .
>
> An additional concern is ease of administration of
> challenges to expired state convictions. Federal
> courts sitting in habeas jurisdiction must consult
> state court records and transcripts to ensure that
> challenged convictions were obtained in a manner
> consistent with constitutional demands. As time
> passes, and certainly once a state sentence has been
> served to completion, the likelihood that trial records
> will be retained by the local courts and will be
> accessible for review diminishes substantially.

Coss, 532 U.S. at 402-03. This need for finality is especially evident here where Shrader is seeking to challenge convictions obtained more than forty years ago. For all these reasons, Shrader's objections are **OVERRULED**.[2]

Given the court's conclusion that Shrader may not seek to invalidate his state court convictions in this court pursuant to Maleng, Daniels, and Coss, the court does not reach the other objections to the PF&R which were directed to the alternative reasons discussed in the PF&R as to why this matter should be dismissed.

---

[2] Shrader asks this court to "ORDER the State of West Virginia to vacate Shrader's 1976 convictions." ECF No. 10 at p. 11. The court does not address the additional reasons why Shrader may not proceed under 28 U.S.C. § 2241. Furthermore, as the PF&R makes clear, there is currently pending in this court a separate action challenging his ACCA enhancement under 28 U.S.C. § 2255. ECF No. 9 at p.3 fn.4.

Based on the foregoing, the court hereby **OVERRULES** plaintiff's objections and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation. Accordingly, the court **DISMISSES** plaintiff's petition for Writ of Habeas Corpus and **DIRECTS** the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 17th day of January, 2019.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge